IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAVEED SIKANDER,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN, MOSHANNON VALLEY PROCESSING CENTER, *et al*,<br><br>*Respondents.* | Civil Action No. 3:26-cv-2059<br><br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Petitioner Naveed Sikander ("Petitioner") filed an Emergency Petition for Writ of Habeas Corpus (ECF No. 1) and Emergency Motion for Temporary Restraining Order ("TRO") (ECF No. 2). Petitioner asserts that a TRO is warranted (1) to allow him to attend his sister's funeral on October 28, 2028 and (2) because of health conditions which include severe diabetes and malnutrition.

The Court holds that a temporary restraining order is not warranted because Petitioner cannot establish the reasonable likelihood of success on the merits, a necessary element of a claim for injunctive relief. The Court first notes that it does not have jurisdiction to grant habeas relief for Petitioner to attend his sister's funeral. While the Court extends its sympathy to Petitioner, the only basis for the Court to exercise jurisdiction in this case is the habeas petition, and a habeas petition is limited to examining and remedying a violation of a petitioner's federal constitutional rights. *Wells v. Petsock*, 941 F.2d 253, 256 (3d Cir. 1991). A habeas petition is not the appropriate vehicle to obtain compassionate release. *Fields v. Zickefoose*, No. 3:CV-15-516, 2016 WL 7197403, at *2 (M.D. Pa. Dec. 9, 2016), aff'd sub nom. *Fields v. Warden*

*Allenwood USP*, 684 F. App'x 121 (3d Cir. 2017). The Court does not have the authority, under a habeas petition, to grant release for Petitioner to attend his sister's funeral.

Further, the Court holds that Petitioner has not carried his burden of demonstrating likelihood of success on the merits because he is subject to mandatory detention while he awaits removal to Pakistan. Petitioner is an alien removable under 8 U.S.C. §1187(a)(2)(A)(ii) because he has been convicted of two or more crimes relating to moral turpitude. Specifically, Petitioner has multiple convictions for theft by unlawful taking. (ECF No. 6-3, pp. 4-6). He is subject to a final order of removal and travel documents have been issued. The Notice of Imminent Removal states that removal is expected to occur in November 2026. (ECF No. 6-2, p. 4). With a final order of removal having been issued, Petitioner is subject to mandatory detention under 8 U.S.C. §1231(a)(2)(A)(iii). Because Petitioner is subject to mandatory detention, he is not entitled to a bond hearing.

As a final matter, the Court holds that Petitioner has failed to demonstrate a reasonable likelihood of success on the merits of his argument that his health conditions will warrant the grant of his habeas petition. As a general matter, district courts have long held that claims arising from conditions of confinement were not reviewable through a habeas petition. However, in *Hope v. Warden York County Prison*, 972 F.3d 310, 324 (3d Cir. 2020), the Third Circuit held that conditions-based claims may be cognizable through habeas *only in extreme cases*. *Id.* at 324 (emphasis in the original). The "extraordinary circumstances that existed in March 2020 because of the COVID-19 pandemic" was such an extreme case. *Id.* The *Hope* court warned that "[i]n recognizing the viability of this §2241 claim we are not creating a garden variety cause of action." *Id.* at 324. Since *Hope*, courts have been reluctant to extend its recognition of a habeas claim arising out of conditions of confinement beyond the COVID-19

pandemic. *See Silva v. Soto*, 2025 WL 3485658 *3 (D. N.J. Dec. 4. 2025) ("Subsequent decisions have emphasized the "extraordinary" and fact-specific nature of *Hope*, limiting its reach. See, e.g., *Perri v. Warden FCI Fort Dix*, 2024 WL 3633567, at *2 (3d Cir. Aug. 2, 2024) (declining to extend *Hope* where "the extraordinary circumstances" present during the early COVID-19 pandemic were no longer present). Courts after *Hope* have therefore permitted § 2241 conditions claims only where the challenged conditions make detention itself unconstitutional and only release—not remediation—could remedy the violation."). The Court joins other district courts in holding that *Hope* is limited to the type of "extraordinary circumstances" from which it arose—the "extreme case" of the early stages of a novel global pandemic. *Hope* itself recognized that it did not create a garden variety cause of action to be invoked in ordinary circumstances. Ordinary circumstances are those ordinarily encountered by detention facilities, courts and society at large. Detainees who suffer from serious health problems for which continued detention is less-than-ideal are encountered in the ordinary course of events. Petitioner's condition, while not minimizing his health challenges, does not rise to the level of extraordinary, extreme, circumstances that the Court addressed in *Hope*. Habeas relief is therefore not appropriate.

For the reasons set forth above, the Court holds that Petitioner has failed to establish a reasonable likelihood of success on the merits. His Motion for a Temporary Restraining Order is DENIED.

October 27, 2026

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE