IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAVEED SIKANDER,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN, MOSHANNON VALLEY PROCESSING CENTER, *et al*,<br><br>*Respondents*. | Civil Action No. 3:26-cv-2059<br><br>Hon. William S. Stickman IV |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner's counseled Emergency Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2241. (ECF No. 1). In his petition, Petitioner does not contest the validity of his immigration removal order, nor does he seek any decision on removability. (ECF No. 1, p. 2). Instead, his sole claim is that his immigration detention is unconstitutional due to alleged medical danger given his "serious medical conditions" and "potentially life-threatening risks." (ECF No. 1, p. 3). According to Petitioner, his unconstitutional civil detention under conditions of grave medical danger violates his due process rights under the Fifth Amendment to the United States Constitution. (ECF No. 1, pp. 5–6). Petitioner wants the Court order his immediate release from immigration detention. (ECF No. 1, p. 6). He invokes *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020), to support his contention that he is entitled to immediate release after having received inadequate care for his medical conditions.

Respondents filed a response in opposition to the petition wherein they argue that the petition should be dismissed because Petitioner's medical claims are not cognizable under §

2241. (ECF No. 6, p. 1). They further contend that medical claims do not lie at the core of habeas and argue the Court does not have jurisdiction under § 2241 to consider such claims. (ECF No. 6, p. 5).

As this Court explained in its October 27, 2026, Order denying Petitioner's motion for a temporary restraining order, a habeas petition is not the appropriate vehicle to obtain compassionate release. (ECF No. 12, p. 1). The Court finds—and Petitioner does not dispute—that he is subject to mandatory detention under 8 U.S.C. § 1231(a)(2)(A)(iii) while he waits for his removal to Pakistan. (*Id.* at 2). Petitioner is removable under 8 U.S.C. § 1187(a)(2)(A)(ii) because he has been convicted of two or more crimes relating to moral turpitude. (*Id.*). He is subject to a final order of removal. (*See* ECF No. 6-4). Travel documents have been issued, and a Notice of Imminent Removal states that removal is expected to occur by the end of this month. (ECF No. 6-2, p. 4).

The United States Court of Appeals for the Third Circuit has repeatedly reaffirmed that inadequate-medical-care claims are generally not cognizable under § 2241, *see Folk v. Warden Schuylkill FCI*, No. 23-1935, 2023 WL 5426740, at *1–2 (3d Cir. Aug. 23, 2023) (per curiam) (holding claims concerning lack of adequate medical care were non-cognizable under § 2241), with a narrow exception in extraordinary circumstances, *see Hope v. Warden York County Prison*, 972 F.3d 310, 324–25 (3d Cir. 2020) (recognizing limited habeas jurisdiction in "extreme cases" where release was allegedly the sole adequate remedy during the COVID-19 pandemic). As more fully explained in its October 27, 2026, Order, the Court joins the vast majority of other district courts in holding that *Hope* is limited to the type of extraordinary circumstances under which it arose: a novel global pandemic. (ECF No. 12)

The Court does not minimize the seriousness of Petitioner's allegations. The record reflects that Petitioner suffers several medical issues and has long endured complications from living with type 1 diabetes. (ECF Nos. 1, pp. 1, 3; 1-2, pp. 4, 10, 13, 52–53). Nevertheless, the record does not establish that immediate release is warranted under the extraordinarily narrow standard articulated in *Hope*. Petitioner's complaints about conditions of his immigration detention, including the adequacy of medical care, are appropriately pursued by complaint under 42 U.S.C. § 1983. *See Nchabaun v. Blanche*, No. 26-cv-826, 2026 WL 1959234 (W.D. Pa. July 7, 2026) (Conti, J.) *and Adjanohoun v. US ICE*, No. 26-cv-833, 2026 WL 1660364 (W.D. Pa. June 9, 2026) (Conti, J.) ("A habeas petition can be used only to challenge the legality or the duration of detention; the proper means for seeking relief for a claim challenging the conditions of confinement is a civil rights action under § 1983, after any available administrative remedies have been exhausted.") (citing *Hill v. McDonough*, 547 U.S. 573, 579 (2006)); *Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015) (affirming dismissal of § 2241 petition without prejudice to right to file a proper civil rights action)).

AND NOW, this 19th day of November 2026, IT IS HEREBY ORDERED that Petitioner's Emergency Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE